UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS LANSON MITCHELL | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2275 |
| NANCY A. MILLER, ET AL. | * | SECTION "D" (2) |

**SHOW CAUSE ORDER AND REASONS**

Plaintiff Curtis Lanson Mitchell filed a Complaint and *Ex Parte* Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(B)(1).

Plaintiff's complaint asserts a variety of claims against police officer Linden Calvin, District Attorney Paul Connick and 24th Judicial District Court Judge Nancy Miller relating to an August 5, 2023, arrest and related detention. ECF No. 1 ¶ III. Citing to various federal criminal statutes and 42 U.S.C. § 1983, Plaintiff alleges that officer Calvin kidnapped him after which DA Connick and Judge Miller acted in concert with officer Calvin by setting bail (characterized by Plaintiff as ransom). *Id.* ¶¶ II(B), III(C). Plaintiff alleges that he was beaten and after being taken to the hospital, brought to jail. *Id.* ¶ IV. As relief, Plaintiff seeks damages of $500,000 and dismissal of all charges. *Id.* ¶ V.

**I.    *In Forma Pauperis* Standard for Authorization to Proceed Without Payment**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to

---
[1] 28 U.S.C. § 1915(a)(1).

1

pay statutory filing fees."[2] Courts assess plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of plaintiff's income sources (including social security or unemployment payments[4]) and the demands on his financial resources, including whether expenses are discretionary or mandatory.[5] While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for himself and/or dependents.[6] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[7]

Plaintiff's application fails to identify any employer and indicates that he receives no wages, thus representing that he is unemployed. ECF No. 2 ¶ 2. Plaintiff represents that he has no income, no cash, checking or savings funds, no assets or liabilities, and no dependents. *Id.* ¶¶ 3-8. Based on the information provided by Plaintiff in his application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a), and his Complaint will be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious

---

[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] *Id.*
[4] Courts consider social security payments in making the *in-forma-pauperis* determination. *See, e.g., Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (S.D. Miss. Feb. 12, 2013).
[5] *Prows*, 842 F.2d at 140.
[6] *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
[7] *Prows*, 842 F.2d at 140; 28 U.S.C. § 1915(a).

under § 1915(e)(2).  The Court may in its discretion impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases.[8]

Summons will not be issued at this time, however, pending completion of this Court's statutorily-mandated frivolous review.

## II.    Statutorily Mandated Review

The Court is required by 28 U.S.C. § 1915(e) to review complaints filed by plaintiff in forma pauperis because there exists no absolute right to proceed *in forma pauperis* in federal civil matters.[9]  Rather, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[10]  And while pro se complaints are held to "less stringent standards" than attorney-drafted filings,[11] pro se status does not constitute an impenetrable shield as even pro se litigants have no license to harass others, clog the judicial machinery with meritless litigation and abuse an already overloaded court system.[12]

Under § 1915(e)(2)(B), the Court must summarily dismiss *in forma pauperis* complaints if the court determines that the action:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[13]  A claim is frivolous when it lacks an arguable basis in law or in fact.[14]  A claim lacks an

---

[8] *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).
[9] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.  *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoners plaintiffs." (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002))); *Newsome*, 301 F.3d at 231 (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[10] *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015).
[11] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[12] *Ferguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[13] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018); *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R & R adopted sub nom.*, *Vo v. St. Charles Par.*, NO. 10-4624, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[14] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[15] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[16]

## III.  Analysis

Initially, Plaintiff cites a variety of criminal statutes (18 U.S.C. §§ 2382 (misprision of treason), 241 (conspiracy against rights), 242 (deprivation of rights under color of state law), 3571 (statutory fines)) and constitutional amendments (Fourth, Sixth, Eighth and Fourteenth) as support for his claim. ECF No. 1 ¶ II(B). However, criminal charges cannot be brought by private individuals: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[17] As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[18] Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[19] The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[20] Thus, any claims based on cited criminal statutes are frivolous because a private plaintiff cannot state a civil claim for violation of criminal statutes.

---

[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted).
[16] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[17] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).
[18] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).
[19] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).
[20] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[21]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[22]

Generally, a plaintiff must satisfy three elements to establish § 1983 liability:

(1)   deprivation of a right secured by the U.S. Constitution or federal law;
(2)   that occurred under color of state law; and
(3)   was caused by a state actor.[23]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[24] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[25] Although Plaintiff cites to the Fourth, Sixth, Eighth and Fourteenth Amendments, he does not state his claims. Based on the limited factual information provided, Plaintiff appears to assert Fourth/Fourteenth Amendment claims for false arrest/imprisonment and excessive force.

### A. **Heck**

Plaintiff does not provide the details surrounding his arrest, incarceration and alleged injuries nor does he specify the charges at issue. As relief, Plaintiff requests dismissal of all

---

[21] 42 U.S.C. § 1983.
[22] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[23] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[24] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[25] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

5

pending cases against him. ECF No. 1 ¶ V. This suggests that Plaintiff may currently be subject to prosecution related to the alleged arrest and incarceration.

In *Heck v. Humphrey*, the United States Supreme Court held that, to avoid improper collateral attacks on a conviction, a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[26] For that reason, a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[27] The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[28]

The Supreme Court has established a modified version of the *Heck* bar to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[29] The Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of

---

[26] *See* 512 U.S. 477, 484-87 (1994) . The fundamental rationale behind the *Heck* bar is that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).
[27] *Heck*, 512 U.S. at 486-87.
[28] *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[29] 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (finding stay of pretrial § 1983 challenges to an ongoing state criminal proceeding to be the best practice).

> a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[30]

Thus, when a plaintiff's criminal charges remain pending, a determination of whether *Heck* bars a suit is premature. Instead, the court should stay the § 1983 proceedings until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.[31]

### B. Immunity

Although *Heck* and *Wallace* would normally compel a stay of premature civil claims intertwined with ongoing state criminal proceedings, when the claims are improper or brought against immune defendants, the Fifth Circuit has held the trial court should initially address dismissal of those claims.[32]

#### 1. Judicial Immunity – Judge Miller

The Eleventh Amendment to the United States Constitution prohibits suit against a State in federal court without the State's consent.[33] The State of Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it.[34] A state judge in her official capacity is not considered a "person" subject to suit under § 1983[35] because

---

[30] *Wallace*, 549 U.S. at 393-94 (citations omitted).
[31] *Mackey*, 47 F.3d at 746; *Wallace*, 549 U.S. at 393-94 (endorsing stay of civil proceedings until completion of criminal action where *Heck* may bar damages claims); *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved.").
[32] *See Busick v. City of Madison*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (recognizing immunity must be considered as a threshold matter prior to applying *Heck*).
[33] *Edelman v. Jordan*, 415 U.S. 659, 662-63 (1974).
[34] LA. REV. STAT. § 13:5106(A); LA. CONST. art. I, § 26; *Harris v. La. Off. of Juv. Just.*, No. 18-13356, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (Vance, J.) (quoting *Jones v. La. Dep't of Health & Hosps.*, No. 15-6997, 2016 WL 3198614, at *2 (E.D. La. June 9, 2016) (citing *Holliday v. Board of Supervisors of LSU Agric. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014))).
[35] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (order adopting R&R) (recognizing a judge is a state official and state

any judgment would be satisfied out of the state treasury, rendering the State liable for any alleged wrongs.[36] Thus, a claim against a judge in an official capacity is considered a claim against the State itself, which is barred by the Eleventh Amendment.[37]

In addition, judicial immunity applies to a judge acting in his authority as a presiding officer, regardless of whether the judge's actions were erroneous, malicious, or in excess of his authority.[38] "A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction."[39]

### 2. Prosecutorial Immunity - DA Connick

Any claims against Jefferson Parish District Attorney Connick is equivalent to suit against the parish.[40] "[M]unicipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[41] Thus, to state a non-frivolous claim against a

---

officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (Zainey, J.) (same).
[36] *See* LA. REV. STAT. § 13:5108.1; *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).
[37] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007) (Vance, J.) (finding suit against Louisiana state judge in an official capacity is suit against the State); *Voisin's Oyster House*, 799 F.2d at 188; *Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (Barbier, J.) (finding judgment against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state).
[38] *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009) (citing *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996)).
[39] *Id*. (citing *Boyd*, 31 F.3d at 284).
[40] *Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell*); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *Bean v. Pittman*, No. 14-2210, 2015 WL 350284, at *2 (E.D. La. Jan. 26, 2015) (Vance, J. adopting Report and Recommendation of Knowles, M.J.) (official capacity suit against Jefferson Parish sheriff's deputies is suit against the parish through the sheriff's office); *see also Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (refusing to apply immunities for personal liability to *Monell* claims against local governments because "there is no tradition of immunity for municipal corporations").
[41] *Burge*, 187 F.3d at 470-71 (quoting *Monell*, 436 U.S. at 691, 694).

district attorney in an official capacity, the plaintiff must establish that the named defendant is a final parish policymaker and identify the parish policy or custom which allegedly caused the deprivation of his constitutional rights.[42]

Moreover, a "prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[43]  Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[44]  The prosecutorial immunity also applies during "actions apart from the courtroom."[45]

### C. <u>Plaintiff's Claims Are Untimely</u>

There is no federal statute of limitations for actions brought under § 1983, so federal courts borrow the forum state's limitations period.[46]  In Louisiana, that period is one year for injurious acts that occurred before July 1, 2024.[47]  However, federal law determines when a cause of action under § 1983 accrues.[48]  The statute of limitations on a claim for false arrest begins to run at the time the claimant becomes detained pursuant to the legal process, whereas the statute of limitations

---

[42] *Rinker v. New Orleans Dist. Att'y*, No. 10-0810, 2010 WL 2773236, at *4-5 (E.D. La. June 15, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)), *R.&R. adopted*, 2010 WL 2773383 (E.D. La. July 12, 2010).
[43] *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976)); *accord. Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).
[44] *Kerr v. Lyford*, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (internal quotations omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
[45] *Imbler*, 424 U.S. at 431 n.33.
[46] *Owens v. Okure*, 488 U.S. 235, 239, 250-51 (1989).
[47] *Brown v. Pouncy*, 93 F.4th 331, 332 (5th Cir. 2024); *compare* LA. CIV. CODE art. 3492 (repealed 2024) ("Delictual actions are subject to a liberative prescription of one year."), *with* LA. CIV. CODE art. 3493.1 (eff. July 1, 2024) ("Delictual actions are subject to a liberative prescription of two years.").
[48] *Gartwell v. Gaylor*, 981 F.3d 254, 257 (5th Cir. 1993) (citing *Lavaelle v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)).

begins to run for a false imprisonment claim when the alleged false imprisonment ends.[49] Likewise, the limitations period for an excessive force claim commences when the force was used and when plaintiff knew or had reason to know he was injured.[50] Setting aside Plaintiff's failure to articulate the necessary facts to support § 1983 claims for a false arrest, false imprisonment, or excessive force claim,[51] these claims are based on the August 5, 2023, arrest and "20 something" day incarceration appear to have prescribed. ECF No. 1 ¶¶ III(B), IV.

## IV.  CONCLUSION

Based on the information provide by Plaintiff in his *in forma pauperis* application (ECF No. 2), Plaintiff has established that he is unable to pay fees in this matter, entitling him to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Under the broadest reading to be afforded *pro se* complaints,[52] however, Plaintiff's Complaint appears subject to dismissal under § 1915.

Criminal statutes cannot be enforced by a plaintiff through a civil action.  Further, Plaintiff asserts claims against a police officer, prosecutor and presiding judge arising out of an August 5, 2023, arrest and 20-day incarceration.  Given the apparent pendency of charges, *Wallace* requires the matter be stayed pending resolution of the criminal proceedings as necessary to address a *Heck* bar.  Even apart from *Heck/Wallace*, however, claims against the prosecutor and judge are barred by prosecutorial and judicial immunity.  Further, the claims appear to be prescribed on the face of

---

[49] *Wallace*, 549 U.S. at 388-89.
[50] *Humphreys v. City of Ganado*, 467 F. App'x 252, 255 (5th Cir. 2012); *Simms v. Harris*, No. 08–4136, 2009 WL 1607906, at *7 (E.D. La. June 2, 2009) (Engelhardt, J. adopting R.&R. of Wilkinson, M.J.) (finding that the one-year statute of limitations for the plaintiff's § 1983 claim for excessive force began to accrue on the day he was arrested and allegedly subjected to the excessive force); *Price v. City of S.A.*, 431 F.3d 890, 893–94 (5th Cir. 2005); *Aduddle v. Body*, 277 F. App'x 459, 461 (5th Cir. 2008); *Everson v. N.O.P.D. Officers*, No. 07–7027, 2009 WL 122759, at *2 n.2 (E.D. La. Jan. 15, 2009) (Africk, J.).
[51] *Radford v. Dayton*, No. 23-2144, 2025 WL 2665315, at *2 (N.D. Tex. Aug. 22, 2025) (noting plaintiff's general allegation that he was arrested for a crime he did not commit was insufficient to state a claim), *R.&R. adopted*, 2025 WL 2664319 (N.D. Tex. Sept. 17, 2025).
[52] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

the complaint. As such, Plaintiff's Complaint appears to be subject to summary dismissal under § 1915(e)(2).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Wednesday, December 17, 2025**, Plaintiff Curtis Lanson Mitchell **show cause** why his Complaint should not be summarily dismissed as frivolous and/or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2);

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** of his position, setting forth the specific facts supporting his cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on December 17, 2025, and the matter will be deemed under advisement on the briefs on that date.

New Orleans, Louisiana, this __10th__ day of November, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

11