UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS LAVSON MITCHELL | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2275 |
| NANCY A. MILLER, ET AL. | * | SECTION "D" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Curtis Lavson Mitchell filed a Complaint and *Ex Parte* Motion to proceed *in forma pauperis* on November 4, 2025.  ECF Nos. 1-2.  The matter was referred to the undersigned United States Magistrate Judge to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), including frivolousness review under 28 U.S.C. § 1915.  On November 10, 2025, I granted Plaintiff's motion to proceed *in forma pauperis* and, consistent with the duties imposed by § 1915(a) and (e)(2)(B), ordered that summons not be issued until completion of the statutorily mandated review.  ECF No. 3.  This Order also required Plaintiff to show cause why his Complaint should not be dismissed as frivolous and/or for failure to state a claim by filing a written response setting for the specific facts supporting his causes of action against each defendant in accordance with § 1915(e)(2).  *Id.* at 11.

Plaintiff timely filed a response (the "Response").  ECF No. 5.  The Court later issued a Report and Recommendation recommending dismissal of Plaintiff's claims, to which Plaintiff objected.  ECF Nos. 6, 9.  He also filed an Amended Complaint pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, mooting the Report and Recommendation and his objection.  ECF Nos. 7, 11.  The Amended Complaint was referred to the undersigned United States Magistrate Judge to submit proposed findings and recommendations for disposition pursuant to § 636(b)(1)(B), including frivolousness review under § 1915.  ECF No. 11.

1

## I.   THE AMENDED COMPLAINT

In his Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 for compensatory damages and "punitive damages where permitted" against Defendants Officer Linden Calvin of the Gretna Police Department, Judge Nancy A. Miller of the 24th Judicial District Court, and District Attorney Paul Connick of Jefferson Parish.  ECF No. 7-1.  Plaintiff alleges that, on August 5, 2023, Officer Calvin stopped him without reasonable suspicion and subsequently searched and arrested him without probable cause.  *Id.*  He further alleges Officer Calvin used excessive force to execute the arrest and that false or misleading statements were used to justify the arrest and prosecution.  *Id.*

Plaintiff asserts unlawful stop, unreasonable search, false arrest, and excessive force claims against Officer Calvin; a *Monell* claim[1] against the City of Gretna; and Fourteenth Amendment due process claims based on use of allegedly false statements and misleading evidence during criminal proceedings, though Plaintiff does not identify against whom he asserts that claim.  ECF No. 7-1.

## II.   APPLICABLE LAW

### A.  Statutorily Mandated Review

Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978).
[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

immune."[3]  This statutory review mandate applies to non-prisoner *in forma pauperis* cases equally to prisoner cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5]  A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6]  A court may not dismiss a claim simply because the facts are "unlikely."[7]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[8]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9]  The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between

---

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[8] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Twombly*, 550 U.S. at 555, 570.

possibility and plausibility."[11]  "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[12]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[13]  The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[14]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[15]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[16]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[17]

### B. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient

---

[11] *Iqbal*, 556 U.S. at 678.

[12] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).

[13] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943–44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).

[14] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[15] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326 (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[16] *Id.*

[17] *Id.*

facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[18]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[19]  While documents filed *pro se* are "liberally construed,"[20] even the complaints of *pro se* litigants must satisfy Rule 8 to convince the court that plaintiff has a colorable claim.[21]

### C. <u>Availability of Amendment</u>

Claims filed by a *pro se* litigant that fail to state grounds upon which relief can be granted should generally be dismissed without prejudice, unless the plaintiff has been given adequate opportunity to cure the deficiencies or if the pleadings demonstrate the plaintiff has pleaded his best case:[22]

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[23]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure

---

[18] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

[19] *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[20] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).

[21] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

[22] *James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (per curiam) (citations omitted)); *Ricks v. Khan,* 135 F.4th 296, 300 (5th Cir. 2025).

[23] *Neitzke*, 490 U.S. at 329-30.

pleading deficiencies before dismissing.[24]  When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[25]  Frivolous claims, however, are generally dismissed with prejudice and without leave to amend because the plaintiff cannot cure the frivolity.[26]

### D.  Claims Under § 1983

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[27]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[28]

Generally, a plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[29]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to

---

[24] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (cleaned up))).
[25] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).
[26] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).
[27] 42 U.S.C. § 1983.
[28] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[29] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

liability."[30]   This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[31]   Plaintiff must specify the personal involvement of each defendant in a cause of action under § 1983.[32]   A plaintiff cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory.[33] There must be an affirmative link between the incident and some act by the defendant.[34]

Section 1983 claims may be brought against an officer in his personal or official capacity or against a governmental entity, such as a municipality.[35]   An officer's performance of his "official duties creates two potential liabilities," personal-capacity liability for him and official-capacity liability for the governmental entity that employs him.[36]   Official-capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.[37]   Because the governmental entity is the real party in interest, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[38]   Thus, "a plaintiff seeking to recover a damages judgment in an official-capacity suit must look to the government entity itself,"[39] except he may not recover punitive damages if the entity employing the officer is a municipality.[40]   Liability is premised on the entity itself being the cause of the constitutional violation at issue through the "execution of the government's policy

---

[30] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[31] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[32] *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[33] *See Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir. 1984).
[34] *Rizzo v. Goods*, 423 U.S. 362, 371 (1976).
[35] *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997)).
[36] *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 484 (5th Cir. 2000).
[37] *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55)).
[38] *Graham,* 473 U.S. at 165 (citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).
[39] *Id.* at 166.
[40] *Id.* at 167 n.13 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)).

or custom" by that employee.[41]  Thus to hold a municipality liable for the misconduct of one of its employees, a plaintiff must allege the municipality caused the constitutional violation through its policies or customs (a *Monell* claim).[42]

Conversely, personal-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law."[43]  In other words, a victory in a personal-capacity suit is against the individual defendant and not the entity that employs him; there is no imposition of liability on the latter.[44]  "To establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."[45]  And if the official's conduct is proven to have been "motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights," punitive damages are available for this suit.[46]

## III.  ANALYSIS

### A.  Capacity

Plaintiff's Amended Complaint does not specify whether Defendants, who are all employed by a governmental entity, are sued in their personal or official capacity or both.  This is not uncommon,[47] nor is a plaintiff generally required to plead the capacity in which a defendant is sued.[48]  "To determine whether a defendant is being sued in his or her official or [personal]

---

[41] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citations omitted); *see also Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006) (citing *Monell*, 436 U.S. at 690-91).

[42] *Kohler*, 470 F.3d at 1115 (citing *Monell*, 436 U.S. at 690-91).

[43] *Hafer*, 502 U.S. at 25.

[44] *Graham*, 473 U.S. at 167-68.

[45] *Hafer*, 502 U.S. at 25 (citation modified) (quoting *Graham*, 473 U.S. at 166).

[46] *William v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003) (citation modified) (quoting *Sockwell v. Phelps,* 20 F.3d 187, 192 (5th Cir. 1994) (citing *Smith v. Wade,* 461 U.S. 30, 56 (1983))); *see Graham*, 473 U.S. at 167 n.13 ("[P]unitive damages . . . are available in a suit against an official personally." (citation omitted)).

[47] *See Graham*, 473 U.S. at 167 n.14.

[48] *Robinson v. Hunt County*, 921 F.3d 440, 446 (5th Cir. 2019) ("A person's capacity need not be pled except to the extent required to show the jurisdiction of the court." (quoting *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam) (citing FED. R. CIV. P. 9(a))).

capacity," the court examines "the allegations in the complaint" and "the course of proceedings."[49] The relief sought as demonstrated by same may be indicative of the capacity in which a defendant is sued.[50]

As reflected in his original complaint, Plaintiff sued Defendants only in their respective official capacities (ECF No. 1 at 2-3), so the Court treated his claims as official-capacity claims in its initial Report and Recommendation. *See* ECF No. 6 at 2, 12. Although Plaintiff's March 20, 2026, Objections did not challenge this construction, his Amended Complaint filed the same day makes clear that he now sues all the Defendants in their respective personal capacities given that he seeks punitive damages for the "actions of Defendants." ECF No. 7-1 at 2; No. 9. It is also clear from the Amended Complaint that Plaintiff sues Officer Calvin in his official capacity too as he asserts a *Monell* claim against him seeking to hold his employer, the City of Gretna, liable. ECF No. 7-1 at 1.[51] Liberally construing the Amended Complaint, Plaintiff sues Judge Miller and DA Connick in their official capacities because he notes their official positions and seeks punitive damages "where permitted," which implicitly recognizes that punitive damages are precluded for some of his claims, *i.e.*, official-capacity claims. ECF No. 7-1.

### B. Judicial Notice

A court may take judicial notice of an adjudicative fact that is not subject to reasonable

---

[49] *Id.* (citations modified) (quoting *Parker*, 479 F.2d at 336; *Graham*, 473 U.S. at 167 n.14).

[50] *See id.* ("Here, both the complaint and the course of proceedings demonstrate that Robinson sought prospective relief against the defendants in their official capacities only."); *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 604-05 (5th Cir. 2008) ("Construing Mayfield's *pro se* complaint liberally, we find that it seeks declaratory relief as well as a permanent injunction against Johnson and Pierce in their official capacities." (citing *Aguilar v. Tex. Dep't Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (explaining that the application of *Ex Parte Young* requires the complaint to include claims against individual persons in their official capacities as agents of the state, and the "relief sought must be declaratory or injunctive in nature and prospective in effect"))); *Williams v. Crowe*, No. 09-6440, 2011 WL 743426, at *2 (E.D. La. Feb. 22, 2011) (Vance, J.) ("When the complaint is not clear whether the defendant is named in his individual or official capacity, the Court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued." (citations omitted)).

[51] *See Durant v. City of Gretna*, No. 19-147, 2021 WL 3852228, at *1 (E.D. La. Aug. 27, 2021) (Brown, C.J.) (dismissing official capacity claim against Gretna police officer because it was duplicative of the claims against the City of Gretna).

dispute because it is generally known within the court's territorial jurisdiction or because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 210(a)-(b).[52]  The court has the discretion to take judicial notice *sua sponte*.  *Id.* at 210(c)(1).  And generally, the court may do so at "any stage" of the case,[53] including a § 1915 statutory review.[54]  The court may "take judicial notice of related proceedings and records in cases before the same court"[55] and "of the public records in prior state court proceedings."[56]  Judicial records, including those documents judicially authored or created,[57] are public records.[58]

In his Amended Complaint, Plaintiff describes an August 5, 2023, encounter with Officer Calvin that ultimately led to his arrest and subsequent prosecution, yet he does not specify the charge he is facing in state court. Plaintiff previously submitted various documents with his Response, including a November 5, 2025, Order issued by Judge Miller in Criminal Action No. 23-3903 that indicates he was charged with committing Aggravated Flight in violation of LA. REV. STAT.

[52] *See also Lewis v. Danos*, 83 F.4th 948, 954 (5th Cir. 2023) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)); *Deakle v. Westbank Fishing, LLC*, 559 F. Supp. 3d 522, 526 (E.D. La. 2021) (Vance, J.) (quoting FED R. EVID. 201(b)).

[53] FED. R. EVID. 210(f); *see also* FED R. EVID. 201(f) advisory committee's note to 1972 proposed rules ("[J]udicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal."); *Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979).  *But see Colonial Leasing Co. of New Engl., Inc. v. Logistics Control Grp. Int'l*, 762 F.2d 454, 461 (5th Cir. 1985) (noting Rule 201(f) is broad in scope but describing limitations not applicable here).

[54] *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976) ("A complaint conflicting with facts of which the district court may take judicial notice might also properly be dismissed under Section 1915(d).").

[55] *Farrier v. Louisiana*, No. 20-1611, 2020 WL 10458187, at *2 n.4 (E.D. La. July 31, 2020) (Douglas, M.J.) (quoting *MacMillian Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985))).

[56] *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (citation modified) (quoting *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (citing *Taylor,* 162 F.3d at 829; *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994))).

[57] *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 227 (5th Cir. 2020) ("While this court has not generally defined 'judicial record' or yet interpreted minutes as a judicial record, it would defy commonsense if the minutes in this case did not qualify as a judicial record." (citing *In re United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("Although we have never explicitly defined 'judicial records,' it is commonsensical that judicially authored or created documents are judicial records."))).

[58] *Binh Hoa Le v. Exter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

§ 14.108.1(C).  ECF No. 5 at 32.  This fact is confirmed by the state court record.[59]

Plaintiff recently filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in which he asserts he was convicted on March 26, 2026, in Criminal Action Nos. 23-3903 and 23-3993 in state court.  Civil Action No. 26-712, ECF No. 7 at 1.  According to the April 6, 2026, minute entries in those cases, which were initiated by the same criminal complaint, Plaintiff was convicted of Aggravated Flight in violation of LA. REV. STAT. § 14.108.1(C), Possession of Marijuana in violation of LA. REV. STAT. § 40.966(C), and Resisting an Officer in violation of LA. REV. STAT. § 14.108.  The Court takes judicial notice of these convictions reflected in the state court record.[60]

### C.  **Plaintiff's Fourth Amendment Claims**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."[61]  The "ultimate touchstone of the Fourth Amendment is [the] reasonableness" of the search or seizure.[62]  Warrantless searches and seizures are *per se* unreasonable unless one of the recognized exceptions applies.[63]  An arrest and confinement are "seizures" of "persons."[64]  But an officer may arrest a person and subsequently confine (i.e., imprison) him if there is "probable cause" that the person committed a

---

[59] *See Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 327-28 (E.D. Tex. Aug. 18, 2021) (noticing documents reflecting criminal charges the plaintiff faced in stated court); *United States v. Sleugh*, 896 F.3d 1007, 1017 & n.6 (9th Cir. 2018) (noticing defendant's criminal charge in state court).

[60] *See United States v. Huntsberry*, 956 F.3d 270, 284-85 (5th Cir. 2020) (noticing prior conviction in state court).

[61] U.S. CONST. amend. IV.

[62] *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (citation modified).

[63] *United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021) (citing *Cotropia v. Chapman*, 978 F.3d 282, 286 (5th Cir. 2020)).

[64] *District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018); *see Torres v. Madrid*, 592 U.S. 306, 320 (2021) ("Stated generally, false imprisonment required confinement, such as taking a person into custody under an asserted legal authority." (citation modified)).

11

crime in the officer's presence,[65] regardless of how minor the crime.[66]  A § 1983 claim for false arrest and/or false imprisonment thus requires a plaintiff to demonstrate that he was arrested and/or confined without probable cause.[67]

"Traffic stops are deemed seizures for the purposes of the Fourth Amendment."[68]  One exception to the warrant requirement is that officers may conduct stops to investigate based on "reasonable suspicion that the person is engaged in criminal activity or wanted in connection with a completed felony."[69]  The legality of the stop is analyzed under the framework articulated in *Terry v. Ohio,* 392 U.S. 1 (1968).[70]  The "stop must be justified by reasonable suspicion at its inception and be reasonably related in scope and duration to the circumstances justifying the stop."[71]  "Reasonable suspicion exists if there are 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant a detention.'"[72]  A § 1983 unlawful stop claim thus requires a plaintiff to demonstrate that the office lacked a reasonable suspicion to perform the stop.[73]

---

[65] *Wesby*, 583 U.S. at 56; *see Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686, at *8 (5th Cir. Apr. 20, 2023) (citing *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)).

[66] *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

[67] *See Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment 'false imprisonment.'"); *Defrates v. Podany*, 789 F. App'x 427, 431 (5th Cir. 2019) ("The Fourth Amendment protects citizens from false arrests—that is, arrests unsupported by probable cause." (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009))); *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)).

[68] *United States v. Henry*, 853 F.3d 754, 756 (5th Cir. 2017) (quoting *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005)).

[69] *United States v. Alvarez*, 40 F.4th 339, 345 (5th Cir. 2022) (citations omitted).

[70] *Lopez-Moreno*, 420 F.3d at 430 (citing *Knowles v. Iowa,* 525 U.S. 113, 117 (1998); *Berkemer v. McCarty,* 468 U.S. 420 (1984)).

[71] *Carney v. Brandon Police Dep't*, 624 F. App'x 199, 201 (5th Cir. 2015) (citing *Terry*, 392 U.S. at 19-20).

[72] *Allen v. Cisneros*, 815 F.3d 239, 245 (5th Cir. 2016) (brackets omitted) (quoting *Terry*, 392 U.S. at 21).

[73] *See Holmes v. Reddoch*, 117 F.4th 309, 319-20 (5th Cir. 2024).

Individuals have a Fourth Amendment right to be free from excessive force in the course of an investigatory stop or arrest.[74]  To state a Fourth Amendment excessive force claim, a plaintiff must allege that he suffered "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable."[75]  The test for reasonableness for the use of force is "not capable of precise definition or mechanical application."[76]  In the context of excessive force in effecting an arrest, the Supreme Court has identified the following considerations to take into account: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight."[77]

### D.  *Heck* Bar

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 claim seeking damages or release from custody is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[78] *Heck*'s "favorable-termination" requirement[79] thus precludes a § 1983 claim seeking relief that would render a conviction or sentence invalid unless the conviction or sentence has been reversed, expunged, declared invalid or called into question by issuance of a writ of habeas corpus.[80] Assessment of a *Heck* bar thus requires an analytical and fact-intensive analysis as to whether the

---

[74] *Ramos v. Erwin*, 723 F. Supp. 3d 529, 542 (S.D. Tex. 2024) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7–22 (1985); *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)), *aff'd*, No. 24-20164, 2024 WL 5040984 (5th Cir. Dec. 9, 2024) (per curiam).
[75] *Buchanan v. Gulfport Police Dep't*, 530 F. App'x 307, 312 (5th Cir. 2013) (quoting *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996)).
[76] *Poole v. City of Shreveport* (*Poole I*), 691 F.3d 624, 627-28 (5th Cir. 2012) (quoting *Graham*, 490 U.S. at 396).
[77] *Id*. (quoting *Graham*, 490 U.S. at 396).
[78] *See also Olivier v. City of Brandon*, 607 U.S. ----, 146 S. Ct. 916, 920 (2026) ("*Heck* prohibits the use of § 1983 to challenge the validity of a prior conviction or sentence so as to obtain release from custody or monetary damages.").
[79] *Johnson v. Thibodaux City*, 887 F.3d 726, 732 (5th Cir. 2018).
[80] *Id*. at 486-87.  *Heck* does not, however, bar a claim for "purely prospective" relief.  *Olivier*, 146 S. Ct. at 920.

factual basis of the conviction is temporally and conceptually distinct from the claim being brought.[81]  The court must determine whether success on the claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction.[82]

Despite the limited allegations and information available, the Court can determine that *Heck* bars Plaintiff's false arrest and excessive force claims.  As to the false arrest claim, "§ 1983 unlawful arrest claims cannot lie in cases in which 'a state defendant is convicted of and sentenced for the crime of resisting arrest . . . because he would have to negate an element of the offense of which he has been convicted.'"[83]  To challenge his conviction for Resisting an Officer via his false arrest claim, Plaintiff would have to negate the "lawful arrest" element of LA. REV. STAT. § 14.108(A).[84]  As to his excessive force claim, while same is not necessarily *Heck* barred if "temporarily and conceptually distinct" from his conviction, Plaintiff's claim and his conviction for Resisting an Officer "stem from a single interaction."[85]  Thus, his excessive force claim can only be read as an attack on the validity of his conviction for Resisting an Officer.  Therefore, it is barred by *Heck*.[86]

Although it is likely that Plaintiff's unlawful stop and unreasonable search claims arerelated to Plaintiff's conviction for Possession of Marijuana, that is not entirely clear.  Moreover, an unreasonable search claim undermines the validity of a conviction and is *Heck*-barred when "evidence that was a direct or indirect product of the alleged unlawful search and

---

[81] *See, e.g.*, *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 660 (5th Cir. 2025) (quoting *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008)).
[82] *Aucoin vs. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020) (quoting *Bush*, 513 F.3d at 497).
[83] *Brown v. Sudduth*, 255 F. App'x 803, 806 (5th Cir. 2007) (citation modified) (quoting *Heck*, 512 U.S. at 487 n.6).
[84] *See* LA. REV. STAT. §  14:108(A).
[85] *Walter v. Horseshoe Ent.*, 483 F. App'x 884, 887 (5th Cir. 2012) (citation omitted).
[86] *Id.*

seizure was presented in the plaintiff's criminal conviction proceeding."[87]  If, however, the illegally obtained evidence is admissible under the independent source or inevitable discovery doctrine, or if the evidence's admission is deemed harmless, *Heck* does not operate to bar the claim.[88]  An unlawful stop claim can undermine the validity of a conviction for the same reason (i.e., illegally obtained evidence was presented during the criminal proceedings).[89]  But if the evidence is admissible or its admission is harmless, *Heck* does not bar the claim.[90]  The record is not sufficiently developed to determine whether any evidence allegedly obtained illegally was admitted and, if so, based on an independent source or the inevitable discovery doctrine or whether the admission of same was harmless.  Thus, the Court cannot determine if *Heck* applies to these claims.[91]

*Heck* thus applies to some, and may apply to all, of Plaintiff's Fourth Amendment claims for damages against Officer Calvin.[92]  But at this early stage of the case, it is uncertain whether *Heck* bars all of Plaintiff's claims.

### E. Grounds for Early Dismissal

---

[87] *Blimline v. Thirty Unknown Emps. Of the Sec. & Exch. Comm'n*, 757 F. App'x 299, 302 (5th Cir. 2018) (citing *Heck*, 512 U.S. at 487 n.7).

[88] *Id.*

[89] *See Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003) ("Ballenger challenges the traffic stop and asserts that the search that followed was illegal *as the fruit of an illegal stop*.  If Ballenger succeeds in demonstrating in this § 1983 case that his traffic stop was illegal, the illegality of the search would require the suppression of the evidence seized. . . . [A]nd were that evidence to be suppressed by reason of the illegality of the search, the conviction could not be salvaged." (emphasis in original)).

[90] *Cf. id.* ("Ballenger has advanced no circumstances, nor conceived of any to our knowledge, to suggest how the state could convict him of cocaine trafficking if the automobile stop were to have been found illegal. In the particular circumstances of this case, there could be no independent source for the cocaine and no inevitable discovery of it. Moreover, if the evidence obtained by the search were suppressed, there could be no harmless error because there would be no evidence of illegal drug trafficking.").

[91] *Blimline*, 757 F. App'x at 302 (finding district court erred in dismissing claims based on *Heck*).

[92] *See Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) ("We have specifically noted that false arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam))); *Jackson v. Vannoy*, 49 F.3d 175, 176 (5th Cir. 1995) (applying *Heck* to an unlawful stop claim) (per curiam); *Blimline*, 757 F. App'x at 302; *Bush*, 513 F.3d at 497 ("[T]he *Heck* principle applies to § 1983 excessive force claims . . . .").

The Fifth Circuit requires a court to address dismissal of immune defendants and cull those claims that cannot proceed under § 1983 without regard to any *Heck* bar.[93]

### 1. Eleventh Amendment Immunity

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against of the United States by Citizens or Subjects of any Foreign State."[94]  This language has been construed as an immunity that bars actions in federal court against state governments by anyone other than the federal government or another state[95] for "retrospective relief in the form of a money judgment in compensation for past wrongs."[96]  Eleventh Amendment immunity extends to bar "suits against state officials or agencies that are effectively suits against the state,"[97] such as official-capacity claims for damages against state-court judges.[98]  "[U]nless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit."[99] Louisiana has declined to waive sovereign immunity,[100] § 1983 "does not abrogate" Eleventh

---

[93] *See Busick v. City of Madison*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284 (5th Cir. 1994) (holding application of absolute immunity must be considered as a threshold matter prior to applying *Heck*).

[94] *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988) (quoting U.S. CONST. amend. XI).

[95] *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984)).

[96] *Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir. 1988).

[97] *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 663-69 (1974) (extending sovereign immunity to state officers in their official capacities); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 463-64 (1945) (barring suits in which the state is a real party in interest, despite not being a named defendant)).

[98] *See Davis v. Tarrant County*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."); *Cain v. City of New Orleans*, 281 F. Supp. 3d 624, 646 (E.D. La. 2017) (Vance, J.) (observing that Eleventh Amendment immunity would apply to a suit for retrospective relief against Orleans Parish Criminal District Court judges), *aff'd sub nom.*, *Cain v. White*, 937 F.3d 446 (5th Cir. 2019); *Summers v. Louisiana*, No. 13-4573, 2013 WL 3818560, at *4 (E.D. La. July 22, 2013) (Africk, J.) (finding that "an official-capacity claim against [a Louisiana judge] would in reality be a claim against the state itself, and any such claims would be barred by the Eleventh Amendment"); *Klein v. Medley*, No. 25-1047, 2025 WL 2986694, at *5 (E.D. La. Oct. 23, 2025); *Brennan*, 834 F.2d at 1253.

[99] *Paxton*, 943 F.3d at 997 (citing *AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636, 644-45 (5th Cir. 2001)).

[100] *Fletcher v. La. Dep't of Transp. & Dev.*, 19 F.4th 815, 818 (5th Cir. 2021) ("While Louisiana may have waived sovereign immunity with respect to some claims, LA. CONST. art. I, § 26 makes it clear the State has not waived its

16

Amendment immunity.[101]

A state official in his official capacity is not considered a "person" subject to suit under § 1983.[102] Any money judgment against a Louisiana judge in her official capacity would be satisfied out of the state treasury rendering Louisiana liable for any alleged wrongs.[103] Thus, the § 1983 claim against Judge Miller in her official capacity is considered a claim against the State of Louisiana itself and is consequently barred by the Eleventh Amendment.[104] Because this immunity deprives a federal court of jurisdiction to hear claims to which it applies,[105] the claim should be dismissed without prejudice for seeking monetary relief against an immune defendant.[106]

### 2. Judicial Immunity

Judicial immunity is an immunity from suit, not just immunity from the ultimate assessment of damages,[107] available to a judicial officer when sued in her personal capacity.[108] Although unfairness and injustice to a litigant may occasionally result, "it is a general principle of

---

sovereignty within the federal system." (quoting *Holliday v. Bd. of Supervisors of LSU Agric. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014))).

[101] *Lewis v. La. State Univ.*, No. 21-198, 2021 WL 5752239, at *11 (M.D. La. 2021) (Morgan, J.) (citing *Quern v. Jordan*, 440 U.S. 332, 338-42 (1979)).

[102] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (order adopting R&R) (a judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (same).

[103] LA. REV. STAT. § 13:5108.1; *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).

[104] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual's office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. Jun. 21, 2007) (suit against Louisiana state judge in an official capacity is suit against the State); *Voisin's Oyster House*, 799 F.2d at 188; *Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (judgment against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state).

[105] *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)).

[106] *Id.*

[107] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).

[108] *Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *2 & n.9 (5th Cir. Jan. 13, 2025) (per curiam) (citing *Turner*, 229 F.3d at 483 (explaining that "defenses such as absolute quasi-judicial immunity, that only protect defendants in their individual capacities, are unavailable in official-capacity [§ 1983] suits")); *see also Mid-City Neighborhood Org. v. Gusman*, No. 18-3705, 2018 WL 4846632, at *4 (E.D. La. Oct. 5, 2018) (Vance, J.) (citing *Cain v. City of New Orleans*, 184 F. Supp. 3d 379, 391 n.54 (E.D. La. 2016) (in the context of claims against state judicial officers, noting that "[a]bsolute immunity does not apply to claims against a defendant in his official capacity.")).

17

the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in h[er], shall be free to act upon on h[er] own convictions, without apprehension of personal consequences to h[er]self."[109]  Whether judicial immunity applies is a threshold question to be determined as early as possible in a proceeding,[110] and only a judge's actions, "not intent," are relevant to resolve that question.[111]  Allegations of bad faith, maliciousness, or corruption are insufficient to deprive a judge of immunity.[112]

There are two exceptions to judicial immunity.  First, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity."[113]  The law distinguishes between judicial acts and the administrative, legislative, or executive functions that it may occasionally assign to a judge; thus, an act is not "judicial" merely because a judge did the act, even if she does it frequently.[114]  Courts consider four factors to determine whether an action is within a judicial capacity:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.[115]

---

[109] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles*, 502 U.S. at 10).

[110] *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012) (citing *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) ("[I]t remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity . . . as a threshold matter."); *Hulsey v. Owens,* 63 F.3d 354, 356 (5th Cir. 1995) (absolute immunity is a threshold matter that should be determined as early as possible in a proceeding)).

[111] *Malina v. Gonzalez*, 994 F.2d 1121, 1125 (5th Cir. 1993).

[112] *Ballard*, 413 F.3d at 515 (quoting *Mireles*, 502 U.S. at 11); *see also Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("[M]ere allegations that [a judge] performed . . . acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity." (citing *Sparks v. Duval Ranch Co.*, 604 F.2d 976 (5th Cir. 1979) (en banc), *aff'd sub nom.*, *Dennis v. Sparks*, 449 U.S. 24 (1980))).

[113] *Bowling v. Roach*, 816 F. App'x 901, 906 (5th Cir. 2020) (quoting *Mireles*, 502 U.S. at 11-12).

[114] *Jones v. King*, 148 F.4th 296, 300 (5th Cir. 2025) (citations omitted).

[115] *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017) (quoting *Ballard*, 413 F.3d at 515).

They are "broadly construed in favor of immunity,"[116] thus application of immunity may be appropriate even if one or more of these factors is not met.[117]

Second, "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction,"[118] rather than just in excess of jurisdiction.[119]   As the Supreme Court has explained, there is a meaningful difference between the two:

> In [*Bradley v. Fisher*], the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.[120]

An error then is insufficient to deprive a judge of immunity.[121]   Rather, for a judge to be deprive on immunity under this exception, she must have acted despite "clearly lack[ing] *all* jurisdiction."[122]   The applicability of this exception depends on whether the judge had "some subject matter jurisdiction" over the case; if she does, judicial immunity applies.[123]

Plaintiff has not alleged facts to suggest that either exception applies to deprive Judge Miller of judicial immunity from Plaintiff's § 1983 personal-capacity claim against her.  The claim should be dismissed with prejudice for being frivolous.[124]

---

[116] *Jones*, 148 F.4th at 301 (quoting *Ballard*, 413 F.3d at 515).

[117] *Morrison*, 704 F. App'x at 373 (citing *Malina*, 994 F.2d at 1124).

[118] *Bowling*, 816 F. App'x at 906 (quoting *Mireles*, 502 U.S. at 11-12).

[119] *Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409, 412-13 (5th Cir. 2009) ("There is a meaningful distinction between judicial acts which occur in 'excess of jurisdiction'—which receive judicial immunity—and those which take place wholly lacking jurisdiction—which do not." (citing *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352 (1871)))); *see also Brewer v. Blackwell*, 692 F.2d 387, 396 n.12 (5th Cir. 1982).

[120] *Stump*, 435 U.S. at 357 n.7 (quoting *Bradley*, 80 U.S. at 352).

[121] *Bowling* (quoting *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995)).

[122] *Kemp*, 324 F. App'x at 412 (emphasis in original) (quoting *Holloway*, 765 F.2d at 523 (quoting *Bradley*, 80 U.S. at 352))).

[123] *Id.* (quoting *Adams v. McIlhany,* 764 F.2d 294, 298 (5th Cir. 1985) (citing *Bradley*, 80 U.S. at 352)).

[124] *Boyd*, 31 F.3d at 284-85 (affirming § 1915 dismissal of *pro se* plaintiff's § 1983 claims for damages brought against judge based on judicial immunity and finding the dismissal of the claims "with prejudice as frivolous" proper); *Hunter v. Rodriguez*, 73 F. App'x 768, 770 (5th Cir. 2003) ("[A] dismissal based on absolute immunity should generally

### 3. Prosecutorial Immunity

A prosecutor has absolute immunity for § 1983 claims brought against him in his personal capacity.[125]  But his actions are not automatically immunized "because they are performed by a prosecutor."[126]  Rather, courts look "to the nature of the function performed."[127]

The Fifth Circuit has recognized prosecutors have absolute immunity "for initiating and pursuing a criminal prosecution, for actions taken in [their] role as 'advocate for the state' in the courts, or when [their] conduct is 'intimately associated with the judicial phase of the criminal process.'"[128]  Those actions are still immunized even when the prosecutor acted "maliciously, wantonly or negligently."[129]  On the other hand, a prosecutor does not have absolute immunity "for acts performed in the course of 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution for judicial proceedings.'"[130]  "The timing of a prosecutor's actions" is not dispositive.[131]

The Fifth Circuit has recognized that prosecutorial immunity applies for allegations of suppression of exculpatory material and conspiracy against the plaintiff.[132]  But it has also recognized coercing witnesses to give false testimony and fabricating evidence in general is not

---

be *with* prejudice. (emphasis in original) (citing *Boyd*, 31 F.3d at 285)); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) (holding that dismissal with prejudice without leave to amend is proper when claims are subject to an obvious meritorious defense), *overruled in part on other grounds*, *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

[125] *Singleton v. Cannizzaro*, 956 F.3d 773, 778 n.3, 779 (5th Cir. 2020) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

[126] *Loupe v. O'Bannon*, 824 F.3d 534, 538-39 (5th Cir. 2016) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

[127] *Id.* at 539 (quoting *Buckley*, U.S. at 269).

[128] *Id.* (quoting *Hart v. O'Brien*, 127 F.3d 424, 439 (5th Cir. 1997), *abrogated on other ground recognized by Spivey v. Robertson*, 197 F.3d 772, 775-76 (5th Cir. 1999)).

[129] *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).

[130] *Loupe*, 824 F.3d at 539 (quoting *Buckley*, 509 U.S. at 273; *Hoog-Watson v. Guadalupe*, 591 F.3d 431, 438 (5th Cir. 2009)).

[131] *Wearry v. Foster*, 33 F.4th 260, 268 (5th Cir. 2022) (quoting *Singleton*, 956 F.3d at 783).

[132] *Reynolds v. Titus County*, No. 23-40700, 2024 WL 837040, at *2 (5th Cir. Feb. 28, 2024) (citing *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (per curiam) (noting that a prosecutor's suppression of exculpatory evidence is shielded by absolute immunity)).

protected by absolute immunity because the function performed is "evidence creation, which is not part of the advocate's role, but a corruption of the investigator's function of 'searching for clues and corroboration.'"[133]

Liberally construing Plaintiff's due process claims as asserted against DA Connick in his personal capacity (even though they do not satisfy the § 1983 pleading standard),[134] Plaintiff has failed to allege facts that would preclude absolute prosecutorial immunity from barring the claims. He alleges that DA Connick used "false statements and misleading evidence" during criminal proceedings. ECF No. 7-1 at 1. Despite these allegations, Plaintiff does not identify any statement or evidence nor explain why they are "false" and "misleading," and because the Court does not accept such conclusory statements and naked assertions devoid of further factual enhancement as true, Plaintiff's allegations do not bar absolute prosecutorial immunity.[135] The claim should be dismissed with prejudice for being frivolous.[136]

### 4. Statute Of Limitations

There is no federal statute of limitations for actions brought under § 1983, so federal courts borrow the forum state's limitations period.[137]    "[T]he statute of limitations for a Section 1983

---

[133] *Wearry*, 33 F.4th at 267-68 (quoting *Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001); *Buckley*, 504 U.S. at 273).

[134] *See Armstrong v. Ashley*, 60 F.4th 262, 274 (5th Cir. 2023) ("[A] § 1983 plaintiff 'must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution.'" (quoting *Iqbal*, 556 U.S. at 676).

[135] *See Darden v. Vines*, No. 22-404, 2023 WL 11830304, at *5 (W.D. La. Mar. 10, 2023) (quoting *Harmon v. City of Arlington*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)) (finding prosecutors entitled to absolute immunity despite allegations of evidence fabrication and witness coercion because plaintiff provided only conclusory statements), *R.&R. adopted*, 2023 WL 6178709 (W.D. La. Sept. 21, 2023), *appeal dismissed*, No. 23-30700, 2024 WL 1433633 (5th Cir. Feb 16, 2024).

[136] *Boyd*, 31 F.3d at 85 (affirming § 1915 dismissal of *pro se* plaintiff's § 1983 claims for damages brought against prosecutor based on prosecutorial immunity and finding the dismissal of the claims "with prejudice as frivolous" proper); *Hunter*, 73 F. App'x at 770 ("[A] dismissal based on absolute immunity should generally be *with* prejudice. (emphasis in original) (citing *Boyd*, 31 F.3d at 285)); *Hampton*, 1 F.3d at 319 (holding that dismissal with prejudice without leave to amend is proper when claims are subject to an obvious meritorious defense).

[137] *Owens v. Okure*, 488 U.S. 235, 239, 250-51 (1989).

21

action is a state's general or residual personal injury statute of limitations."[138]  In Louisiana, that period is one year for acts that occurred before July 1, 2024.[139]

Federal law, however, determines when a cause of action under § 1983 accrues.[140]  The statute of limitations on a claim for false arrest begins to run at the time the claimant becomes detained pursuant to the legal process.[141]  Likewise, the limitations period for unreasonable search/seizure and excessive force claims commences when plaintiff knew or had reason to know he was injured.[142]  There is no basis to depart from this general standard for a unlawful stop claim.[143]  Thus, regardless of the applicability of *Heck* to Plaintiff's § 1983 claims of unlawful stop, false arrest, unreasonable search, and excessive force against Officer Calvin, the claims are untimely.  As a direct participant in the August 5, 2023, encounter with Officer Calvin, Plaintiff clearly knew of the facts on which he bases the claims on that date.  The prescriptive period thus lapsed on August 5, 2024.  As such, his claims are prescribed on the face of the complaint.  Prescribed claims are properly dismissed with prejudice and without leave to amend because they are legally frivolous.[144]

---

[138] *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir.) (citing *Owens*, 488 U.S. at 236), *cert. denied*, 145 S. Ct. 170 (2024).

[139] In 2024, the Louisiana Legislature extended Louisiana's one-year statute of limitations, or prescriptive period, for torts to two years.  LA. CIV. CODE art. 3493.1. However, this change has "prospective application only," and applies only "to delictual actions arising after the [July 1, 2024] effective date of [Act 423]."  2024 La. Sess. Law Serv. Act 423 (H.B. 315). The former one-year prescriptive period under LA. CIV. CODE art. 3492 remains applicable.  *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

[140] *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir.1980)).

[141] *Wallace*, 549 U.S. at 388.

[142] *See Humphreys v. City of Ganado*, 467 F. App'x 252, 255 (5th Cir. 2012); *Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994); *Morrill v. City of Denton*, 693 F. App'x 304, 306-07 (5th Cir. 2017).

[143] *See Gartrell*, 981 F.2d at 257 ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

[144] *Hampton*, 1 F.3d at 319 (holding that dismissal with prejudice without leave to amend is proper when claims are subject to an obvious meritorious defense, such as a peremptory time bar); *Pham v. Unidentified DEA Agent*, No. 22-292, 2022 WL 1008239, at *2 (E.D. La. Mar. 14, 2022) (citing *Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Payton v. Normand*, No. 21-1325, 2022 WL 412720 (E.D. La. Jan. 21, 2022), *R.&R. adopted,* 2022 WL 393628 (E.D. La. Feb. 9, 2022) (Vance, J.) (dismissing Section 1983 complaint under 28 U.S.C. § 1915(e) as legally frivolous because the claims were time-barred)), *R.&R. adopted,* 2022 WL 1001452 (E.D. La. Apr. 4, 2022).

### 5.  Failure to State a *Monell* Claim

To state a *Monell* claim, a plaintiff must plausibly allege three elements: "(1) a policymaker; (2) an official policy; and (3) a 'violation of constitutional rights whose moving force is the policy or custom.'"[145]  An "official policy" is:

1.  A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2.  A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.[146]

A Louisiana district attorney sued in his official capacity is not entitled to Eleventh Amendment immunity[147] and is the proper defendant for a *Monell* claim based on any alleged misconduct of his office.[148]

Plaintiff has failed to state a *Monell* claim against DA Connick in his official capacity because he has failed to allege any facts to support the requisite elements.  Such failure generally should result in a dismissal of the claim without prejudice.  But considering Plaintiff asserts this claim based on purely isolated alleged violations, he cannot establish the official policy element.[149]  Thus, amendment is futile; the claim should be dismissed with prejudice.

---

[145] *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694)).

[146] *Id.* (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam)).

[147] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("The rule in this circuit is that a Louisiana district attorney, sued in his or her official capacity, is a local government official who is not entitled to Eleventh Amendment immunity.").

[148] *See Kimble v. Jefferson Par. Sheriff's Off.*, No. 22-30078, 2023 WL 1793876, at *3 (5th Cir. Feb. 7, 2023) (citing *Connick v. Thompson*, 563 U.S. 51, 54, 60 (2011) (analyzing lawsuit against "Connick, in his official capacity as the Orleans Parish District Attorney," under municipal liability principles)); *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999).

[149] *See Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 753 (5th Cir. 2023) ("This circuit has consistently rejected the notion that one-off actions constitute a policy." (citing *Piotrowski*, 237 F.3d at 581; *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) ("Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy.")).

IV.     **RECOMMENDATION**

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Curtis Lavson Mitchell's § 1983 claims against Defendant Officer Linden Calvin of the Gretna Police Department and § 1983 personal-capacity claims against Defendants Judge Nancy A. Miller of the 24th Judicial District Court and District Attorney Paul Connick of Jefferson Parish be **DISMISSED** as frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 official-capacity claim against Defendant Judge Miller be **DISMISSED WITHOUT PREJUDICE** for seeking monetary relief against an immune defendant.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 official-capacity claim against Defendant DA Connick be **DISMISSED** for failure to state a claim.

**ALTERNATIVELY, IT IS FURTHER RECOMMENDED** that Plaintiff's false arrest and excessive force claims be dismissed with prejudice to their being asserted again until the *Heck* conditions are met, but leaving Plaintiff's unlawful stop and unreasonable search claims for further development to determine whether same are likewise subject to dismissal under *Heck*.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[150]

New Orleans, Louisiana, this 12th day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[150] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.